Mr. Britt is here for the appellants, Mr. Jones for the appellee, and once everybody is settled, Mr. Britt, we can begin. Russell Britt, Jr. Thank you, Your Honor. May it please the Court, I'm Russell Britt, and I, along with my colleague, Ken Jones, have the honor and privilege of representing the appellants in this matter, John Goodrich and Gerald Watson. This case concerns whether these officers can be held personally liable for a search of a home pursuant to a warrant that is consistent with the collective knowledge of the other officers who conducted the investigation that led to the warrant. Case law shows that the district court erred in its decision on whether these officers were entitled to qualified and official immunity on Mr. Wright's unlawful search claim. Therefore, the district court should be overturned for three reasons. First, in addition to probable cause for the search warrant, there was arguable probable cause. Second, Mr. Wright fails to point to any clearly established law where an officer acting under similar circumstances was held to violate a Fourth Amendment. And third, because there was arguable probable cause to obtain the search warrant, Mr. Wright cannot meet his burden of showing actual malice, which this court recognizes is a very demanding standard. Therefore, the district court should be overturned. Now, the facts of this case involve a governor's task force on marijuana eradication operation in Harris County back in 2013. The state task force worked with a local task force that was made up of five local jurisdictions called Metro. The helicopter involved with the state task force was . . . Well, you know, we've read the briefs and we're familiar with the facts. Let me just ask you this question because apparently the district judge in this case felt that there were intentional misrepresentations in the application for the search warrant and there were important omissions from the search warrant. And the district judge's estimation of reasonable jury could come to the conclusion that based on that, there was not probable cause for the search warrant, right? Is that why we're here? Yes. Let me just, if this property, if the property was seized through civil asset forfeiture, the property doesn't go to the state of Georgia, does it? It goes to the law enforcement officers who were involved in the seizure, right? That is correct, I believe. So, I mean, I get the impression that the district court felt like there was, the law enforcement officers were more interested in profit making than they were in arresting for crimes. And so, they fabricated some of this evidence to support the search warrant and a reasonable jury can reach that determination. He may have felt that way, but I disagree with that conclusion simply because we're here today with our clients who are being sued in their personal, individual capacity. Sure. And these individuals don't receive the benefit of any civil forfeiture. It would go to the sheriff's office and the sheriff's office would then be able to use it as it sees fit. But it seems like, I guess, the biggest misrepresentation in the eyes of the district court was the representation in the affidavit that the officers stated that they saw juvenile marijuana plants by the shed, right? Yes, Your Honor. And so, I mean, doesn't it seem reasonable if the officers saw the plants there, they wouldn't, in plain view, they wouldn't go and get a search warrant. They would just confiscate the plants if they saw them in plain view. Well, the facts are a little more complicated than that, Your Honor. So the situation involved were four officers went to the site where the helicopter identified possible marijuana from the sky. They went there, they found juvenile plants in plastic trays. And of the four individuals, there's two state officers and two local officers. They said they didn't know whether or not these juvenile plants were marijuana. They couldn't tell, but they could tell that there was marijuana from helicopters in the sky? The helicopter saw juvenile plants in cups and trays, and based on the items of commonality between the two sites, the large grow and the house, they felt like it could possibly be marijuana. And the important thing here to remember is they reported it to the ground team. The ground team, of course, consisted of only state officers connected to the state task force, not the local sheriff's deputies. Wouldn't a well-trained law enforcement officer, these are members of the Georgia task force who investigate these drug trafficking crimes, would not leave evidence there in plain view? They would either confiscate it or keep somebody right there while they go get the search warrant to make sure those juvenile marijuana plants don't disappear? Your Honor, the circumstances of this case need to be considered in the fact that we're dealing with a property that's approximately 10 acres. And you've got multiple officers from various jurisdictions that are scrambling to get to the site and also secure the site. You've got officers down at the large grow securing. You've got other officers looking towards the shed where there are other potential evidence. They're trained to recognize marijuana when they see it, right? Your Honor, they can do the best they can, but as John Goodrich testified, there's no way of knowing for sure if it's marijuana until it's actually tested in the lab. So they can do their best to identify it by the look, but that's all they're doing at that point until it's taken to the lab to confirm marijuana. And regardless of that, the important thing is three of the officers, one being a state officer, felt like it was marijuana. There was one officer who didn't say that he didn't think it was marijuana. He said he wasn't sure. And because of that, they moved on to the next site to help assist the efforts. And when they got to the other site, it wasn't a determination by John Goodrich. It was a determination by Jeremy Bolin, an issue that the district court completely ignored. And Bolin asked a state officer at the large grow site about a juvenile plant he saw there. He said, is this marijuana? The state officer said, yes, that's marijuana. And that's when Bolin made the conclusion, well, if this is marijuana, what we saw back at the shed was also marijuana. But the district court believes that a reasonable jury could conclude that that was really a fabrication to support. That was a fabrication. There were no juvenile marijuana plants there. That was put in the affidavit in order to see if they could get probable cause. Yes. And the court's decision... That might be inaccurate. That might not be true. The officers might be right. But in the eyes of the district judge, a reasonable jury could reach a contrary conclusion. Yes. But that's immaterial for two reasons. First, it's immaterial because regardless of whether the warrant is invalid, as this court recognizes, an individual is also entitled to qualified immunity if he has arguable probable cause. But you cannot get arguable probable cause by fabricating the evidence that leads to arguable probable cause. Right. The point, though, is that if you take out that alleged misrepresentation, there's still plenty of arguable probable cause to obtain a search warrant. You've got a situation in a rural area of Harris County where there are no other houses around. You've got a helicopter that has recorded a trail, a beaten path from the large growth site to the house with a gate at the fence where the large growth site was located. That's not in the affidavit, right? No, it's not. And it's disputed as to whether there was a path. I guess what I want to know is what is your undisputed evidence that would lead to arguable probable cause? Well, first off, with the disputed issue with the path, I would say it's not a genuine dispute for multiple reasons. You've got a situation where the helicopter has identified it from the air. And so therefore, for a plaintiff to come back after the fact and say, oh, well, there was never a path there, is immaterial to the issue that the helicopter reported the path to the people on the ground. The problem is that we've got to look at the facts in a light most favorable to right and not the officers, right? Yes, with issues dealing with possible inferences. But again, that doesn't matter here if you've got arguable probable cause. And the important matter with regard to the situation we've got here, you've got Gerald Watson, who was a later arrival. He wasn't there for the investigation itself. He had no personal knowledge of the actions taken by the officers. Instead, he was directed by his supervisor because he was the sheriff's deputy that was detached to Metro. He was told to go talk to all the investigating officers and go obtain a warrant based on that information because the supervisor and everybody else had determined that there was arguable probable cause. And an officer in his situation who's a late arrival that doesn't have personal knowledge is immune and protected. Counsel, in the briefs, much was talked about deleting parts of the affidavit and then seeing if it supported probable cause. Yes, Your Honor. I'm looking at the affidavit now, and this is my understanding of where the argument is. There are three areas in the penultimate paragraph, three sentences that are contested. The first is that the state patrol was flying over the residence and the officers observed marijuana. And the position of Applee is that Mr. Wilson was told that they were told that there were juvenile plants in them that might be marijuana. And then, so that should have been added is my understanding. And then that the ground team was notified, and upon arrival, the ground team located approximately six marijuana plants near a shed. And then it should have been qualified that certain officers believed there was marijuana there. And then as they checked on a grow area near, that that could be read to say it was on the property of Applee and not on the other side of the property line, and that should have been added. Are those your understanding? I know you don't possibly agree, but is that your understanding of how the affidavit would come out would be correct in the Applee's view if those were added, those statements were added? I'm sorry. Could you rephrase that last part? And I am out of time. Right. And I'll, since I've said all that, I can ask the Applee. Okay. Thank you. Mr. Jones, you're busy this morning. I know it. And if I heard the question right, you were asking about whether there's probable cause independently of the misrepresentations found by the trial court. Well, no. There were three areas in this affidavit that the briefs talk about where you take those three sentences out and then you see if there's enough. I'm looking at it another way. If you added this information, would that be sufficient? And so from my understanding is that your position would be, and I thought too the appellant's position would be, that you would add rather than flying over they saw marijuana, you would say they saw juvenile plants that might be marijuana. You would add that you would, rather than seeing six marijuana plants near a shed, that certain officers believed were marijuana and some didn't. And then the other area you would add, because a fair reading, I think your position is that where it says near the property line of the residence, it sounds like it's on the property, on the residence's property. So you would say, you would find it fine, from my understanding, is that if you added not on the property of the residence. Is that a fair statement of where we are factually? Well, those omissions would be material omissions if they were true, but I think the best evidence But if they were added, would the affidavit accurately reflect what happened? Would it reflect what happened or would it add up to probable cause? No, just reflect what happened. It would add up to one view of what happened or several views, but it's not necessarily the view most favorable to plaintiff. So it would be an accurate representation of the facts as you understand them that were told to the officer? I mean, I think it's a fair characterization of the factual dispute that's got to be resolved by the jury. Okay, what has to be resolved about where the plants are in relationship to the property line? What Judge Black said should be added, it was immediately on the other side of the property line. Nobody disputes that. Right. If that was added, then there would be no probable cause. There would be nothing to connect something green and some alleged Southland. Well, there's other stuff to connect it, right? But I mean, that wasn't the question. The question is, you add that, which nobody disputes, okay, and then you add the fact that they saw something and it was dubious as to whether it was marijuana or not before they went to the grow and Judge Black. And so what's, is that in dispute? Yeah, it's in dispute whether it was anything there, period. We got 14 different descriptions of what these alleged flower pots look like. Okay, so that. There could be a fabrication as to where they were there at all. All right, so that is not an undisputed fact. The fence issue is undisputed. It was near the property line. It was off, it was on someone else's property. Near the property line. I think to say it's near the property line, I think is not only an admission, I think it's an affirmative misstatement because it's on my neighbor's property. I'm going to go to just one other question. And by adding those facts, I'm not suggesting in any way that there would still be probable cause or even arguable probable cause. I'm just trying to figure out where the difference of opinion is. Well, if the court, if the officers thought that those facts were sufficient, they certainly would have added them and there would have been no need to embellish additional facts. Remember, you've got 14, 15 officers. Let me ask you just one other question. And then I have no other questions. And that is Officer Goodrich. My understanding is he didn't participate in the preparation of the warrant affidavit. And he told Officer Watson what he had seen. Now, that's what he did. Is that correct? He either told Officer Watson that he had seen marijuana, which wasn't there, or he wasn't sure if the plants were marijuana or not. But he certainly, the evidence certainly suggests that they conferred with regard to what statements will be made. And that's also because to get the warrant... No, say that again. Is there any evidence to show that he participated in the preparation of the affidavit? In the physical preparation? No. The physical preparation warrant application was probably done off-site. And then the officer went down to the hall of the magistrate and she signed it. Did I see something in the briefs that he participated in preparing the search warrant itself that was signed by the magistrate? That he participated, he provided the information that the late arriving officer put into the warrant. Okay. And as you know, under Malley v. Briggs, and in other cases, if the officer relies upon information which he knows is false or with reckless disregard for the truth, then he's just as much on the hook as the officer who makes the misrepresentations to him. Let me ask you something. I just want to go to what's undisputed. And I'm sorry, it is undisputed that these plants, the mature plants or the growing plants that everybody agrees were marijuana, were near the property line. It's also undisputed that this is a rural area. It's also undisputed that this house is the closest thing to those plants. Yes. Okay. All those things are undisputed. The other things that are undisputed are that there were potting soil bags that were the same brand of potting soil bags as near the shed on the property and near the grow site. And that other types of potting soil were available. That there were solo cups around the shed and at the other site. Other types were also present. There was a crate. There was a crate that matched a box. One was in one place and one was in the other. None of those things are disputed. So the question is, is that arguable probable cause? Those undisputed things. It's not and they're not undisputed. There were similarities between the potting soil bags but there were also other potting soil bags. You go to Walmart in Columbus and they have a certain number of things you can buy and everybody goes to the same stores. As Judge Land said, it's doubtful that the presence of common items like potting soil, dog crates and solo cups at both locations supports a finding of probable cause. Well, as I understand it, the dog crate matched a box for the dog crate. One was at one place and one was at the other. Well, that's a statement. But we... I didn't see that... The testimony... Where was that disputed? Where was that disputed? Well, the dog crate that came in that box was in the laundry room in my client's house. And the only thing we can say is that there was... The only thing they can say is that there was a dog crate box and they also found a jointing property. But that's just a wire box that someone used to transport plants over there to plant. They also had solo cups that had writing on them with different strains of marijuana. None of the solo cups found on my client's property had any kind of writing like that on them. We really have... The question is not are there some undisputed effects. The question is are there any facts... I'm sorry. The question is not are there some undisputed facts. The question is are there any facts that are not undisputed, that are material. And the only issue here before this Court is a qualified immunity issue. As you know, we filed a motion to dismiss for lack of jurisdiction because their entire quarrel with the trial court opinion is the sufficiency of the evidence, not whether the law is fully established. But the issue here is whether clearly established law was violated under the view of the facts that's most favorable to the plaintiff and under the facts that's found by the trial court. Well, I don't think it's a sufficiency question. The question is if you take the undisputed facts and that are material to a finding of arguable probable cause, is that as a legal matter sufficient to show arguable legal cause? That's a legal question. That's not sufficiency of the disputed evidence. It's all the evidence that is undisputed that might show, that would show arguable probable cause. Does it actually? And that's a legal question. That's not a sufficiency question. And what that suggests is that if officers lie, make misrepresentations, make material omissions to a magistrate that are in fact relied upon in issuing a warrant, would the fact that some other fact which comes from some other source years later as a matter of law could preclude these officers from liability for violating the Fourth Amendment? Well, it doesn't matter whether what was in the magistrate's head, does it? It matters whether as an objective matter, those undisputed facts would support arguable probable cause. That is correct. And if they don't, they don't. And if they do, they do. And that could be, I don't see why that can't be decided as a matter of... That is true. I mean, I think the way they have articulated the issue, it's a sufficiency of evidence argument. But I do agree with you that there is a legal question to be answered here, and that is whether these facts, the proper view of the facts, as found by the trial court, do those facts violate clearly established law. That's the issue on an interlocutory appeal, and that's the only issue. And as the court found, this is what Judge Land, who writes a good opinion, he writes a very defensible opinion. He says, the court finds that defendants Gerald Watson and John Goodrich are not entitled to qualified or official immunity as a matter of law as to Mr. Wright's claims against them that the search of his home violated the Fourth Amendment because they supplied the magistrate with allegedly false information in support of the warrant application. The allegedly part of that, that's the part that the jury's got to work out. But they did not deny that the law is clearly established. They just deny that their conduct violates clearly established law. Supreme Court and this court have held that an officer cannot manufacture probable cause where there's none by making false statements to obtain a warrant. That's what Frank Fidelaware. Similarly, police officers may not rely upon false statements made by others in support of warrant application. That's Nellie V. Briggs. Then this court in Kingsland v. Miami says, this court has held that falsifying facts to establish probable cause is patently unconstitutional. And finally, a search warrant may be voided if the affidavit supporting the warrant contains deliberate falsity or reckless disregard for the truth. So what we got here is a pure jury question as to what happened. There's no argument as to what the law is. But this court can't see here today and say as a matter of law that this clearly established law was not violated under the version of facts that's most favorable to the plaintiff. Keep in mind there were 14, 15 officers there involved in what the Supreme Court calls the often competitive enterprise of law enforcement, which is particularly impetitive in this case because of the fact it's a task force operation, 90% of the proceeds go to the task force itself. So the need for a neutral and detached magistrate is paramount here. Was the order entered by Judge Land after a hearing or was it based on the written submissions? We had probably a two-hour hearing, which was really a Q&A session. And the law enforcement, did the law enforcement agents testify? No, there was no evidentiary hearing. He had oral argument, which is unusual in the district court, but he had oral argument and it was a lengthy oral argument. I don't think there's any way that we can find fault with Judge Land's factual determination here. I mean, clearly we're entitled to all inferences that can be drawn. They're not entitled to any inferences at all. And I mentioned there were 14 or 15 officers on the scene, the vast majority of whom had training in drug enforcement. There were two officers on the scene that Judge Land said the evidence could support a finding that they cut corners. One of those officers had no drug training, who was actually angry when he found out that this wasn't marijuana. And that is the officer who gave all the information to the officer who took out the warrant, Officer McDonald. When what wasn't marijuana? The plants that they allegedly saw inside the fence, but didn't confiscate, didn't guard, didn't photograph, they were 14, 15 cameras plus the official evidence cameras. If they had 14 Girl Scouts out there, they would have had 14 pictures of those plants. Okay. You're talking about the alleged juvenile marijuana plants. Right. Which my client says were never there at all. I understand. What happened is the jury could find that this is a complete fabrication. That's what the judge said. And if there was anything there at all, they wouldn't have had to fabricate it. And they, what happened is when the plants turned out to not be there, people that weren't in on the lie went around and started looking for it. And they said, well, maybe it was these, maybe it was these, maybe it was these, and none of it was marijuana. That's what the jury could find. And as you know, we're only here on this one issue. We actually have arguments with Judge Land's ruling and dropping some of the other claims, but that's not for this appeal. That's for the next panel to worry about. But you've got to remember that not only did they arguably lie to get a search warrant, but the one quarter ounce of marijuana remnants that they found throughout the 10 acres of land that had been put there by God knows who and had been there for how long, that was used as the basis to hold an 18-month criminal prosecution, a felony drug manufacturer and drug distribution prosecution over the head of the treasurer of the W.C. Bradley Company who lost over $4 million in income. That's not really a part of this case. Not before this. And that's my point. And we have your argument. Thank you. We have your argument, Mr. Jones. We'll hear from Mr. Brett. Thank you, Your Honor. To go back to Judge Black's question with regards to adding additional information, even if you added that information, there still would be arguable probable cause based on the totality of the circumstances. And it's important to remember that an affidavit should not be judged as an entry. But maybe not if you look at the facts and alike most favorable to the plaintiffs, though. Not if you, though, look at the undisputed facts that Judge Rustani pointed out, which was my next point. Judge Rustani, you're correct that there was arguable probable cause when you look at these undisputed facts because you're looking at a situation where there's the wire dog crate that's being used to house juvenile plants. That's in the record via the photographs at the large growth site. And you've got the packaging box of the exact same type of crate found in the trash on a trailer next to the house. Now, it's not in the record, but Mr. Wright is now suggesting that, well, there was a box to the crate, or there was the crate inside his house that matched the box outside the house. But that doesn't go to an objectable reasonable standard. Okay. Just a second. There was not, the dog box was not next to the crate, I don't know what, the wire thing. Wire crate. That was not by the plants on the other side of the fence. It was, Your Honor. It was in a trailer that was on the other side of the fence, close to the shed, a trailer that was used for trash. And that box was there, and officers knew that, and that was in the collective knowledge of the officers. And it's important to remember the context here. You know, Judge Land focused on the fact that solo cups are a very common item, but when you look at the backdrop here, we're not talking about a University of Georgia tailgate. We're not talking about a situation where there are solo cups everywhere. We're talking about a rural, wooded area off a dirt road where there's only one house around, and you've got solo cups that are right here next to marijuana with a path leading up to a house, and more solo cups that are also being used for plants. That creates arguable probable cause. Now on the issue of clearly established law, it's not clearly established. A reasonable jury could not reach a contrary conclusion? Could agree with Judge Land? No, Your Honor, not when you look at the legal issue of whether a reasonable, well-trained officer under the same circumstances with the same knowledge of these officers. And it's important to back up a second on the issue of clearly established. Watson is allowed to rely on the collective knowledge of others in order to obtain a search warrant when he doesn't have their own personal knowledge, and he did that. And it's also not clearly established when somebody doesn't participate in obtaining the warrant through either writing the warrant and or presenting the warrant to the magistrate is entitled to qualified immunity because it's not clearly established. Thank you, Your Honor. All right.